**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TIMOTHY WILLIAM SCATT PEAVY**          **PLAINTIFF**

**NO. 3:19CV248-JMV**

**ANDREW SAUL,**
*COMMISSIONER OF SOCIAL SECURITY*          **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held today, the Court is unable to find the Commissioner's decision is supported by substantial evidence in the record. Specifically, the ALJ rejected the opinions of Dr. Buck, the consultative examiner, and Dr. Dees, the state agency medical reviewer, without good reasons supported by substantial evidence in the record and without the support of a competent medical

opinion.[1] Moreover, the ALJ compounded this error by assigning mental limitations associated with the claimant's suicidal ideation without the aid of a medical professional.[2]

On remand, the ALJ must reevaluate the opinions of Dr. Buck and Dr. Dees and articulate valid reasons, supported by substantial evidence in the record, for rejecting any aspect of their opinions. The ALJ must also enlist the assistance of a medical advisor, who must consider all the evidence in the record and render a function-by-function assessment of the claimant's mental residual functional capacity. If necessary, the ALJ must also seek supplemental vocational expert testimony on the issue of whether there is any work the claimant can perform in view of all his impairments. Ultimately, the ALJ must issue a new decision and may conduct any additional proceedings that are not inconsistent with this decision.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 4th day of September, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[1] *See Thornhill v. Colvin,* No. 3:14cv335-M, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) ("While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities.") (citation omitted).

[2] It appears that neither Dr. Buck nor Dr. Dees had the benefit of medical evidence of numerous visits by the claimant to the ER for suicidal ideation because this evidence post-dated their reports. *Cf. Melvin v. Astrue*, No. 1:08CV264-SAA, 2010 WL 908495, at *4 (N.D. Miss. March 9, 2010) ("Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.") (citations omitted).