# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TIMOTHY WILLIAM SCATT PEAVY**                              **PLAINTIFF**

**v.**                                                                                        **No.: 3:19-cv-00248-JMV**
**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security**                            **DEFENDANT**

## ORDER

Before the court are the Plaintiff's motion for an award of $21,081.49 in attorney fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) [26], Defendant's response [27], and the Plaintiff's reply [28]. For the reasons that follow, Plaintiff's request for approval of a payment to his counsel of $21,081.49 from his past-due benefits is **GRANTED**.

Timothy William Scatt Peavy filed an action in this court on November 8, 2019, to appeal the Commissioner's decision denying his applications for disability benefits. On September 4, 2020, this Court entered a Final Judgment [18] that reversed the case and remanded it to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Following the Court's reversal and remand, the Commissioner issued a favorable decision and on May 28, 2022, issued a Notice of Award of past-due benefits in the amount of $136,385 and $34,096.25 was withheld from past due benefits to pay attorney fees. *See* Pl.'s Mot. at Ex. 1. [26]. Plaintiff's counsel has received $6,000 for work performed before the Agency and $7,014.76 in EAJA fees. *See* Pl.'s Reply Br. [28].

Plaintiff filed the instant motion on May 25, 2022. Plaintiff's counsel is petitioning the court for an additional fee in the amount of $21,081.49, which is the total amount of withheld funds ($34,096.25) less the EAJA fees already received ($7,014.76) and fees ($6,000) for services performed before this court. *See id.* at 1.

In his response to the motion, the Commissioner states he "has no direct financial stake in the answer to the § 406(b) question; instead, he plays a part in the fee determination resembling that of a trustee for the claimants." Def.'s Br. at 1. [24]. The Commissioner defers to the district court's determination on the ultimate question of the reasonableness of the requested fee. *Id.* at 2. The court appreciates the Commissioner's recitation of the applicable law and the facts and assures the parties it is well aware of its obligation to independently review the fee request and ensure it satisfies the statutory requirement of yielding a reasonable result. Having fulfilled its obligation, the court finds the fee request in this case is reasonable.

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in

court." *Gisbrecht*, 535 U.S. at 806-807. Nevertheless, agreements that provide for fees exceeding twenty-five percent of past-due benefits are unenforceable. *See id.* But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

Here, Plaintiff effectively requests approval of an award of $21,081.49 payable to his counsel from monies withheld by the agency from his past-due benefits.[1] Several factors weigh in favor of a finding that the fee request is reasonable in this case.[2] First, Plaintiff states a contract with his attorney provides the attorney has the right to request an award of 25% of his past-due benefits for representing him in court. Second, counsel for Plaintiff is an experienced Social Security attorney, achieved a fully favorable result for their client before this Court and before the agency, and have not been responsible for any delay in this matter. *See Hensley v. Eckerhart*, 461. U.S. 424, 435 (1983). Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the contingent nature or high risk of loss inherent in Social Security appeals.[3] Finally, the actual fee requested, $21,081.49, amounts to only approximately 15.45% percent of the claimant's past-due benefits and, consequently, does not offend § 406(b)(1)(A)'s ceiling on fees.

---

[1] In his EAJA petition [23] Plaintiff submitted proof of his counsel's having performed 34.73 hours of work on this case before this Court. Accordingly, the instant request seeks approval of an effective hourly rate that is not unreasonable under the circumstances here.

[2] The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award constitutes a "windfall" to the attorney. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

[3] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).

**THEREFORE, IT IS ORDERED** that Plaintiff's petition for an award of attorney fees is **GRANTED**. Payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $21,081.49 is approved.

**SO ORDERED** this, the 16th day of June, 2022.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**